UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD MANHART and
DEBORAH MANHART,

         Plaintiffs,

         v.

MORTON INTERNATIONAL, INC.,

         Defendant.

---

MORTON INTERNATIONAL, INC.,

         Third-Party Plaintiff,

         v.

SECURITAS SECURITY SERVICES USA, INC.

         Third-Party Defendant.

---

**DECISION AND ORDER**

1:09-CV-0875 EAW

      Plaintiffs Edward and Deborah Manhart ("Plaintiffs") filed suit against defendant and third-party plaintiff Morton International, Inc. ("Morton") seeking monetary damages for injuries allegedly sustained as a result of a slip-and-fall accident occurring at a security guard station located at the Morton salt plant in Silver Springs, New York, on December 12, 2008.  Plaintiff Edward Manhart, a truck driver for Land Air Express who was at the facility for a pickup, alleges that he was injured when he fell from stairs

- 1 -

leading from that security guard station.  The third-party action involving Morton and third-party defendant Securitas Security Services USA, Inc. ("Securitas") consists of indemnification, contribution and contract claims made by Morton against Securitas. Securitas provided security guard services at the Morton facility pursuant to an Agreement, Amendment to the Agreement, and Purchase Order.  Securitas's employee was present at the security guard station when the accident occurred.

This case was initially assigned to the Hon. Richard J. Arcara, United States District Judge, who referred this matter to the Hon. Leslie G. Foschio, United States Magistrate Judge, for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions. (Dkt. 5).

Securitas and Morton both filed motions for summary judgment.  Securitas sought dismissal of Plaintiffs' claims for damages based on liability arising from the snow and ice allegedly present at the accident site, and Securitas also sought dismissal of the third-party complaint in its entirety.  (Dkt. 51).  Morton filed a motion for summary judgment seeking enforcement of the indemnification provision of the contract between Morton and Securitas in the event Plaintiffs should ultimately prevail.  (Dkt. 57).

On August 11, 2015, Magistrate Judge Foschio issued a Report and Recommendation ("R&R") recommending that Securitas's motion be granted in part and denied in part, and that Morton's motion be granted in part and denied in part.  (Dkt. 80).

More specifically, the R&R recommended denying Securitas's motion seeking summary judgment on Plaintiffs' negligence claim, Morton's state law contribution claim, and Morton's common law indemnification claim.   In addition, the R&R recommended granting summary judgment in favor of Morton on its breach of contract claim for failure to procure insurance naming Morton as an additional insured.   Finally, the R&R recommended granting summary judgment in favor of Securitas on Morton's contractual indemnification claim.

On September 8, 2015, both Morton and Securitas filed objections to the R&R. (Dkt. 83 & 84).   Morton filed a response to Securitas's objections on September 22, 2015. (Dkt. 85).

"Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made." *Crowe v. Leroy Cent. Sch. Dist.*, 949 F. Supp. 2d 435, 438 (W.D.N.Y. 2013).

Upon *de novo* review, and after reviewing the submissions from the parties, the Court hereby adopts Magistrate Judge Foschio's findings to the extent the R&R recommended denying Securitas's motion seeking summary judgment on Plaintiffs' negligence claim, Morton's state law contribution claim, and Morton's common law indemnification claim, for the reasons set forth in the well-reasoned and thorough R&R.

In addition, upon *de novo* review, the Court hereby adopts the R&R to the extent it recommended granting summary judgment in favor of Morton on its breach of contract

claim for failure to procure insurance naming Morton as an additional insured.[1]   Contrary

to the arguments advanced by Securitas, there is no "conflict" between the pre-printed

terms of the Purchase Order, which plainly require that Morton be listed as an additional

insured, and the terms of the Agreement which do not address whether Morton must be

listed as an additional insured.   Indeed, it is well-settled under Pennsylvania law (which

applies to the contracts at issue here) that clauses of a contract, even where they seem to

conflict, should be "construed, if possible, as consistent with one another."   *In re Trust of*

*Binenstock*, 190 A.2d 288, 293 (Pa. 1963).   In this case, the contract terms do not conflict

– Morton was plainly required to be listed as an additional insured.[2]

---

[1]   Although Morton did not move for summary judgment on this claim, but rather it was Securitas that sought summary judgment on the breach of contract claim based upon the alleged failure to procure the appropriate insurance, the law is well-settled that a court may grant summary judgment in favor of the non-moving party even though it made no formal cross-motion, so long as the moving party "will not suffer any procedural prejudice resulting from an inadequate opportunity to fully present its case." *Rodriguez v. Atria Sr. Living Grp., Inc.*, 887 F. Supp. 2d 503, 510 (S.D.N.Y. 2012) (citation omitted).   Apparently in recognition of this well-settled rule, Securitas does not object to the R&R on this ground.

[2]   Although Morton is entitled to summary judgment on its claim that Securitas breached its contract by failing to procure insurance listing Morton as an additional insured, the Court notes that the scope of the insurance that Securitas was required to procure is limited pursuant to the Amendment to the Agreement, which provides that "[a]ny insurance coverage (additional insured or otherwise) . . . will only cover liability assumed by [Securitas] in this Amendment; such insurance coverage will not cover the results of [Morton's] . . . own acts or omissions." (Dkt. 52-19 at 11).   Therefore, while the Court agrees with the R&R to the extent it held that Securitas breached its contract with Morton, the remedy to which Morton will ultimately be entitled for this breach remains unresolved and the Court does not interpret the R&R as having reached a resolution on that point.

Finally, after careful *de novo* review, the Court disagrees with the R&R to the extent it recommended that summary judgment be granted in favor of Securitas relating to dismissal of Morton's contractual indemnification claim. Rather, the Court finds that there are disputed issues of material fact with respect to this claim. Securitas argues that because the Agreement fails to expressly make reference to removing snow and spreading salt, then by virtue of paragraph 8 of the Amendment to the Agreement, Securitas cannot be required to indemnify Morton. The Court disagrees.

Paragraph 8 of the Amendment provides that Securitas has "no obligation to perform any duties or services (and will bear no responsibility for duties and services) other than those expressly specified in the Agreement." (Dkt. 52-19 at 12). The Court agrees with the argument advanced by Morton in its objections that the services to be provided by Securitas are not expressly specified at any part of the Agreement. Thus, if Securitas's argument was taken to its logical conclusion, there would be no obligation to perform any duties or services by Securitas. Plainly such an interpretation is not only illogical, but inconsistent with Pennsylvania law. *HomeAlert Corp. v. Concert Co.*, No. 08-912, 2009 WL 363053, at *5 (W.D. Pa. Feb. 12, 2009) (Pennsylvania law does not permit construction of contract that renders its terms meaningless).

The Purchase Order makes it clear that Securitas's obligation was to provide "security services." Whether those services included maintaining the safety and condition of the entranceway to the guard house where Securitas employees were

stationed, by for example removing snow and spreading salt, is an issue of fact that cannot be resolved on this summary judgment motion. Indeed, other portions of the R&R appear to recognize the disputed facts surrounding Securitas's obligations in this regard. (Dkt. 80 at 16-18). A jury must determine whether the scope of Securitas's responsibilities included such duties, and if they did, then Securitas would be required to indemnify Morton pursuant to the terms of its contract (for example, "to the extent the claim, loss, damage or expense is caused by the negligence, willful misconduct, or other fault . . . of Securitas. . . ." (Dkt. 52-19 at 11)).

Accordingly, for the reasons set forth above, summary judgment is granted in favor of Morton on its claim that Securitas breached its contract by failing to procure insurance listing Morton as an additional insured, but the motions for summary judgment (Dkt. 51 & 57) are otherwise denied.

A trial date status conference is hereby scheduled for <u>Wednesday, January 27, 2016, at 9:30 AM, at the Robert H. Jackson Federal Courthouse, 2 Niagara Square, Buffalo, New York 14202</u>. Counsel who will be trying the case must attend the conference in person and be prepared to schedule a trial date. The parties are advised that the trial will take place at the United States Courthouse in Rochester, New York.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:         January 6, 2016
               Rochester, New York